DISSENTS, SAYING:
 {¶ 15} I respectfully dissent. The trial court here considered all the factors in R.C. 3119.23 and specifically found under R.C. 3119.23(H) that appellant receives substantial benefits from his remarriage. The Court further found that "the guideline amount of child support is unjust, inappropriate, and not in the best interest of the children" and that "an upward deviation of $350.00 per month is just, appropriate, and in the best interest of the children." I feel there was ample evidence to support the trial court's findings.
 {¶ 16} Appellant owns his own business, a restaurant. He pays himself a salary of $10,000 yearly from this business plus automobile expenses. Although this is less than minimum wage, appellant's spouse pays all of the couple's expenses including the mortgage payment, food, clothing, utilities, and insurance. By reducing appellant's child support to $229.69, the worksheet amount, a much greater burden of support for the two children is placed onto appellee. Appellee earns $18,345 yearly. While earning less than $8,000 more a year than appellant, appellee is expected provide housing, utilities, food, clothing, an automobile, insurance and other necessities for her and her two children. On the other hand, appellant's wages are basically discretionary income since his spouse pays almost all of their expenses. As the magistrate found, "there is no question that Father could not afford the "luxury" of running a restaurant that pays him less than the minimum wage if all his living expenses were not paid by his spouse."
 {¶ 17} As the majority points out, there is no bright-line rule in these types of cases. Therefore, since this Court's standard of review is abuse of discretion, I cannot say the trial court abused its discretion here. I would affirm.